**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| RICHARD J. HARDENBROOK, ) | 3:06-CV-431-ECR-VPC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| EMPLOYEES OF U.S. DEPARTMENT ) | |
| OF THE INTERIOR, etc., et al.,) | |
| ) | |
| Defendants. ) | |
| _____) | |

Mr. Hardenbrook ("Plaintiff") filed his Third Amended Complaint (#48) on February 1, 2007. This complaint names as defendants the Secretary of the Interior, employees of the United States Department of the Interior, the current Governor of the State of Nevada, a former Governor of the State of Nevada, as well as a variety of state employees. The caption of Plaintiff's complaint states that this case was "reinstated" from a case (3:05-CV-242-HDM-RAM) that was previously dismissed by this court and also dismissed on appeal for lack of jurisdiction. Before the Court are motions to dismiss filed by the federal and state defendants. (## 56, 57.)

As an initial matter, we note that Plaintiff misunderstands several basic procedural facts regarding litigation in a federal court: The record in the previously dismissed case is not a part of this case, and to the extent that he suggests that this is the same

1  case (using the words "reinstate"), he also suggests that his claims
2  are barred by the doctrine of claim preclusion.  Further, the
3  motions filed by Defendants ask the Court to evaluate whether
4  Plaintiff has stated a claim for which relief can be granted, not
5  whether Plaintiff has evidence to support a valid claim.  Thus, at
6  this stage, Plaintiff's legal claims are at issue, not the
7  sufficiency of any evidence that he may wish the Court to consider.
8       Plaintiff's complaint objects to a land transfer and decisions
9  regarding a fire station built on land allegedly received by the
10 state via a United States land patent.  Plaintiff alleges that these
11 state land use decisions involve a "VIOLATION of the PEOPLEs TRUST /
12 UNDER COLOR [sic]."  He seeks to have a grand jury review this case,
13 and an order from this Court to have the land returned to the
14 federal government, to have land returned to the Scripps Wildlife
15 Management Area, to have this Court order the State of Nevada to
16 enforce the terms of the land patent that he alleges have been
17 breached, to have this Court "[s]uggest to Truckee Meadows Fire
18 Department to ask the State of Nevada for Relief," and to have this
19 Court award him litigation fees and costs.
20      As this is a civil case, no grand jury will review the
21 evidence, and Plaintiff lacks standing to make this request in any
22 case.
23      The Court notes that the "public trust doctrine," which some
24 courts have applied to tidelands and bodies of water, does not apply
25 in this case for a variety of reasons.  See, e.g., Illinois Cent. R.
26 Co. v. State of Illinois, 146 U.S. 387 (1892); National Audubon
27 Society v. Superior Court, 33 Cal.3d 419 (1983).  Further, as the
28

federal defendants point out, there is no cause of action for a third party to challenge a federal land patent. See Raypath, Inc. v. City of Anchorage, 544 F.2d 1019, 1021 (1976) ("[a]s a matter of federal law, it is well established that the validity of a deed or patent from the federal government may not be questioned in a suit brought by a third party against the grantee or patentee").  Thus, this Court need not deal with a second issue that would otherwise arise from the face of the complaint, which is whether Plaintiff has standing to raise these claims in this Court. See id. at 1021. Further, for reasons involving both federalism and the division of powers, this Court lacks authority to order any of the defendants to file an action advancing Plaintiff's allegations. See Heckler v. Chaney, 470 U.S. 821, 831 (1985) (decisions by the executive branch regarding whether to enforce laws are presumptively non-reviewable). In light of this fact, this Court need not reach the issue of whether the state officials named in the suit are immune from suit under the Eleventh Amendment.

   **IT IS, THEREFORE, HEREBY ORDERED** that the defendants' motions to dismiss (##56, 57) are **GRANTED**.  All other pending motions (##58, 59), however construed, are **DENIED** as moot.  The clerk shall enter judgment accordingly.

DATED: This  10th   day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE

3